UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYWANA BOWMAN-BROOME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-06115 |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC, and., | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | Jury Demanded |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Tywana Bowman-Broome, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452, *et seq.* ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

**PARTIES**

5. Plaintiff, Tywana Bowman-Broome ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Synchrony Bank consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and debtor as that term is defined in the ICAA.

6. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

7. Defendant Midland is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Defendant Midland holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Defendant Midland regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit C, Record from Illinois Secretary of State).

11. Defendant MCM is a collection agency, as that term is defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., and attempts to collect debts held in the name of Midland Funding, LLC.

12. Defendant MCM holds a collection agency license from the State of Illinois. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

13. Defendant MCM regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Synchrony Bank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

16. Midland subsequently purchased the alleged debt.

17. Midland assigned the alleged debt to MCM for collection.

18. On or about March 30, 2016, MCM mailed Plaintiff a collection letter ("Letter") regarding the alleged debt. (Exhibit E, Collection Letter).

19. The Letter conveyed various information about the alleged debt, including an account number, the identity of the original creditor, and a current balance.

20. Thus, the Letter was a communication as that term is defined at § 1692a(2) of the FDCPA.

21. The Letter alleges a balance of $1,152.55.

22. The Letter stated, in relevant part:

> **We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.**

(Ex. E, Letter).

23. Treasury Regulation 1.6050P requires that an applicable entity report a cancellation or discharge of indebtedness *in excess of $600* if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

24. MCM offered Plaintiff a settlement of $1,037.29, which would have resulted in a cancellation of $115.25, which is less than the $600 threshold defined by the IRS.

25. Therefore, Midland and MCM were not required to report Plaintiff's debt to the IRS.

26. Midland and MCM could not report Plaintiff's account to the IRS at all, as MCM was not offering a settlement that would result in any debt cancellation in excess of $600.

27. Plaintiff purchased her Experian credit report

28. The original credit limit on the card was $850, and much of that balance is made up of interest and fees. (Exhibit F, Experian credit report showing Synchrony Bank tradeline).

29. As the majority of the alleged debt consists of interest, fees and other non-principal amounts excepted from the reporting requirement, even if Midland were to forgive the *entire* debt, there would still be no reporting requirement.

30. In fact, there was no set of circumstances under which the IRS would be involved in the proposed settlement.

31. Defendant's statement falsely raised the specter of the IRS, should Defendant forgive the debt or any portion thereof, where in reality, there were no circumstances in which the IRS would be involved.

32. Defendant injected the IRS into the collection process to convey to the unsophisticated consumer that she could be reported to the IRS if Defendant forgave the debt or any portion thereof.

33. A statement invoking the IRS has the potential to lead the unsophisticated consumer into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. *Velez v. Enhanced Recovery Company*, No. 16-cv-164, slip op. (E.D. Pa. May 2, 2016).

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

35. MCM made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when it stated that it would report forgiveness of debt as required by IRS regulations.

36. Midland, by its servicer MCM, threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it threatened that it would report forgiveness of Plaintiff's debt as required by IRS regulations.

37. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

38. Defendants used unconscionable means to collect a debt when they invoked the IRS should Plaintiff settle for less than the balance owing when, in fact, there was no possibility of IRS involvement, in violation of 15 U.S.C. §1692f.

39. Conditional language, (e.g. "might not"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability as the unsophisticated consumer is not capable of determining when the conditions apply and when they do not. *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055 (9th Cir. 2011) (Cited by *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012).

40. A debt collector potentially violates the FDCPA where it invokes the IRS in a situation where there is no set of circumstances in which the IRS would be involved. *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016).

41. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

42. Defendant's statement has the potential to affect the decision-making process of the unsophisticated consumer, namely, making them pay the full amount owed instead of accepting a reduced amount, to avoid IRS reporting.

43. It is the pattern and practice of Midland to not report debt cancellation to the IRS.

44. Regardless of whether it was required to do so, Midland did not intend to report Plaintiff's debt to the IRS.

45. MCM made the false threat to inject the IRS into its attempt to collect a debt.

46. 15 U.S.C. § 1692e of the FDCPA provides as follows:

>  **False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

47. MCM threatened to take an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5), when it told Plaintiff that might report debt cancellation to the IRS.

48. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (21) Disclosing or threatening to disclose information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law.**

49. Defendants threatened to disclose information relating to Plaintiff's debt to the IRS, in violation of 225 ILCS 425/9, when it threatened to report any debt cancellation to the IRS.

50. A private right of action exists for a violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

51. Statutes providing for administrative remedies in Illinois (e.g. the revocation of a license, etc.) imply a civil right of action. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

52. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

54. MCM made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when it stated that it would report forgiveness of debt as required by IRS regulations.

55. Midland, via its servicer MCM, threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it threatened that it would report forgiveness of Plaintiff's debt as required by IRS regulations.

56. Midland used unconscionable means to collect a debt when they invoked the IRS should Plaintiff settle for less than the balance owing when in fact, there was no possibility of IRS involvement, in violation of 15 U.S.C. §1692f.

57. Midland threatened to take an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e(5), when it told Plaintiff that might report debt cancellation to the IRS.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages from Midland pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Statutory damages from MCM pursuant to 15 U.S.C. § 1692d(a)(2);

    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    E.    Such other or further relief as the Court deems proper.

### COUNT II—ILLINOIS COLLECTION AGENCY ACT

58. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

59. Defendants threatened to disclose information relating to Plaintiff's debt to the IRS, in violation of 225 ILCS 425/9, when they threatened to report any debt cancellation to the IRS.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

      A.      Compensatory and punitive damages;

      B.      Costs; and,

      C.      Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Jacob Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com